IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| JABO'S PHARMACY, INC. on behalf of itself and all others similarly situated in Tennessee, | ) ) ) ) |
| Plaintiff, | ) ) ) ) |
| v. | ) No. 2:09-CV-289 ) |
| CEPHALON, INC., *et al.*, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This civil action was originally filed in the Circuit Court for Cocke County, Tennessee. Defendants removed the case to this court on the basis of federal question jurisdiction, 28 U.S.C. § 1338, and diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332 [doc. 1]. Shortly after the case was removed, defendants, Barr Pharmaceutical, Inc., Mylan Pharmaceutical, Inc., Teva Pharmaceuticals USA, Inc., and Ranbaxy Pharmaceutical, Inc. ("Generic Defendants"), moved to transfer the matter to the United States District Court for the Eastern District of Pennsylvania where there is related litigation. Thus, before the court are the "Generic Defendants' Motion to Transfer Venue" [doc. 9] and "Defendant Cephalon, Inc.'s Motion to Transfer" [doc. 11]. A little more than two weeks after these motions were filed, plaintiff filed "Plaintiff's Motion for Remand of Proceedings to State Court for Lack of Subject Matter Jurisdiction" [doc. 24].

Defendants argue that the court should decide the transfer motions before addressing the motion to remand.  Plaintiff contends that the court has to first determine whether subject matter jurisdiction exists before it is empowered to decide the motions to transfer.  "Courts have held that where there exists both a Motion to Remand and a Motion to Transfer, a court may decide them in any order." *Friedman v. Purdue Pharma Co.*, No. Civ. 04-0404-PHX-EHC, 2004 WL 1376383, at *2 (D. Ariz. June 2, 2004) (citing *Burse v. Purdue Pharma Co.*, No. C-04-594 SC, C-04-713 SC, 2004 WL 1125055, at *1(N.D. Cal May 3, 2004) (citing *Gould v. Nat'l Life Ins. Co.*, 990 F. Supp. 1354, 1358 (M.D. Ala. 1998)).  "[T]here is no federal law or statute, or judicial decision, that requires [a] court to decide a motion to remand before it decides a motion to transfer." *Gould*, 990 F. Supp. at 1362.

> While it is true that courts generally consider subject matter jurisdiction as a preliminary matter, as other federal district courts have recognized, federal courts need not decide a motion to remand a removed case before ruling on a motion to transfer to another district.  Deciding a motion to transfer venue before a motion to remand is particularly appropriate . . . where a related suit is already pending in the transferee district, the remand motion will not suffer any prejudice as a result of the transfer, and transfer at this juncture permits the court who would ultimately try the case to rule on the remand motion.

*Doubletree Partners, L.P. v. Land Am. Am. Title Co.*, No. 3-08-CV-1547-O, 2008 WL 5119599, at *2 (N.D. Tex. Dec. 3, 2008) (quotation marks and internal citations omitted).  Under the circumstances presented in this case, the court believes that deciding the motions to transfer before the motion to remand is the appropriate course to follow.

Because Cephalon and the Generic defendants make essentially the same arguments in their motions to transfer, the court will consider the motions together. The defendants move pursuant to 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

In assessing whether a case should be transferred, the court considers several factors in its analysis. These factors include:

> (1) convenience of the parties; (2) convenience of the witnesses; (3) the interests of justice; and (4) whether the civil action might have been brought in the district to which the movant requests a transfer.

*Cent. States, S.E. & S.W. Areas Health & Welfare Fund v. Guarantee Trust Life Ins. Co.*, 8 F. Supp. 2d 1008, 1010 (N.D. Ohio 1998)(citing *Roberts Metals, Inc. v. Fla. Props. Mktg. Group, Inc.*, 138 F.R.D. 89, 91-92 (N.D. Ohio 1991)).

With regard to the analysis under § 1404(a) for transferring a case, the Sixth Circuit has stated:

> A district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of "interests of justice."

*Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) (citation omitted).

Included in these public and private interests are "plaintiff's choice of forum, location of documents, convenience of witnesses, possibility of prejudice in either forum, and the practical problems associated with trying the case expeditiously and inexpensively." *U. S. v. Cinemark USA, Inc.*, 66 F. Supp. 2d 881, 887 (N.D. Ohio 1999) (citing *W. Am. Ins. Co. v. Potts*, No. 89-6091, 1990 WL 104034, at *2 (6th Cir. July 25, 1990)).

In addition, the interest of justice is an important factor that alone may require the transfer of an action to another district court. *Hooker v. Burson*, 960 F. Supp. 1283, 1291 (M.D. Tenn. 1996) (citing *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1986)); *see also Donald v. Seamans,* 427 F. Supp. 32, 33 (E.D. Tenn. 1976) ("[w]here 'the interest of justice' is paramount, and where the comparative convenience of the transferee and transferor forums is not significant, transfer under §1404(a) is appropriate."). When considering the interests of justice, the court weighs factors such as "ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989).

A district court has broad discretion in deciding whether to grant or deny a motion to transfer pursuant to § 1404(a). *See Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994). In addition, the party seeking the transfer typically bears the burden of showing that another forum is more convenient. *Viron Int'l Corp. v. David Boland, Inc.*, 237 F. Supp. 2d 812, 815 (W.D. Mich. 2002). Therefore, defendants have the burden of demonstrating that transfer to the Eastern District of Pennsylvania is appropriate.

Plaintiff does not dispute that this case could have been brought in the Eastern District of Pennsylvania. It does, however, dispute that the other factors weigh in favor of transfer. The primary reason that defendants offer to support a transfer of venue is the existence of long-standing litigation in the Eastern District of Pennsylvania involving multiple actions that raise the same legal claims with the same or similar factual allegations as this case. Defendants point out that this case, like the cases in Pennsylvania, arise out the settlement agreements Cephalon reached with each of the Generic Defendants concerning their generic versions of Cephalon's patented drug Provigil®. A series of class action lawsuits were filed against Cephalon and the Generic Defendants concerning these settlement agreements alleging violation of federal and state antitrust laws. These lawsuits were filed in the Eastern District of Pennsylvania. Apotex, a different generic company also sued the defendants in the Eastern District of Pennsylvania. The Federal Trade Commission sued Cephalon regarding the Provigil® settlements in the federal district court in Washington, D.C., and the court granted Cephalon's motion to transfer the case to the Eastern District of Pennsylvania. Defendants point out that plaintiff's sole claim under the Tennessee Trade Practices Act is for the unlawful restraint of trade through the Provigil® settlements, which is identical to the claim asserted in the "End-Payor Action" in Pennsylvania. Defendants also note that plaintiff concedes that its complaint is substantially similar to the actions already pending in Pennsylvania.

The court finds that the "interests of justice" factor is paramount and determinative in this case, requiring a transfer of venue. "Consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir.1997) (internal quotation marks and citation omitted). This case is clearly related to the very similar litigation in the Eastern District of Pennsylvania, as it concerns the same patent, the same settlement agreements concerning that patent, and the same allegations regarding the effects of those settlement agreements on free trade. The judge handling the cases in Pennsylvania is certainly familiar with applicable law and the underlying factual basis of the claims, and is therefore best suited to try this case. In addition, transferring the case will avoid duplicative litigation and promote judicial economy.

Therefore, the court will grant the motions to transfer filed by Cephalon and the Generic Defendants. An order consistent with this opinion will be entered.

ENTER:

          s/ Leon Jordan
          United States District Judge